SUNDBERG, Justice,
concurring in part and dissenting in part.
I concur with the majority opinion in all respects save one. I respectfully dissent from the elimination of DR 2-101(C)(7) of the ABA’s model code, Proposal B, and the promulgation of DR 2-101(D) insofar as they authorize lawyer advertising through utilization of the electronic media.
I dissent with respect to electronic media advertising of legal services because I firmly believe that unlimited advertising in any form approaches the outer limits of professional propriety. I concur with the balance of thé amendments to the Disciplinary Rules because I am convinced that such action is mandated by the law of the land [1] which I took an oath to uphold. Although I am obliged to apply the decisions of the United States Supreme Court, I am nonetheless entitled to have my reservations *443 about their wisdom. Notwithstanding the protections of the first amendment to the United States Constitution, I question the effects of advertising upon a great and noble profession and the resultant ability of the legal profession to fill the role it is obliged to perform in our society. It is my firm conviction that the practice of law is first and foremost a profession and only incidentally a means of earning a living. To emphasize the latter, which I believe advertising does, certainly must detract from the former. The inevitable consequence of this shift in emphasis will be to weaken yet another social institution at a time when all of our institutions are at a low performance ebb.
I recognize that the deficiency in delivery of legal services remains a persistent problem, one to which this Court and The Florida Bar must be dedicated to alleviate. I am not convinced, however, that unlimited lawyer advertising is the solution many proclaim it to be. But see Virginia State Board of Pharmacy v. Virginia Citizens Consumer Council, Inc., 425 U.S. 748, 96 S.Ct. 1817, 44 L.Ed.2d 600 (1976). Compare, however, 425 U.S. at 773, n.25, 96 S.Ct. at 1831 n.25. The uncertain effect of unlimited advertising on the availability of legal services, as compared with the deleterious effect on the legal profession, necessarily prevents me from enthusiastically embracing the concept of unlimited advertising.
Because we do not, and cannot, know the effects of unlimited advertising on the legal profession and its ability to serve the public in its traditional role, I would not extend the authority for lawyer advertising beyond the mandate of Bates v. State Bar of Arizona, 433 U.S. 350, 97 S.Ct. 2691, 53 L.Ed.2d 810 (1977). As I read that decision, the Court recognized that “the special problems of advertising on the electronic broadcast media will warrant special consideration.” Id. at 384, 97 S.Ct. at 2709. No such special study or consideration has been given to electronic media advertising by this Court or the Bar as of this time, and I would await some experience with the other forms of advertising before launching into this arena.
ALDERMAN, J., concurs.

. Bates v. State Bar of Arizona, 433 U.S. 350, 97 S.Ct. 2691, 53 L.Ed.2d 810 (1977).